IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JOHNNY TARKINGTON,
ADC #85550                                                                              PLAINTIFF

v.                                          5:09CV00069JLH/HLJ

TIM MULLINS, et al.                                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the

1

>  hearing before the District Judge in the form of an offer of
>  proof, and a copy, or the original, of any documentary or
>  other non-testimonial evidence desired to be introduced at
>  the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.  Introduction

This matter is before the Court on the defendants' motion for summary judgment (DE #118). Plaintiff has filed a response in opposition to the motion (DE #124).

Plaintiff, a state inmate incarcerated at the Maximum Security Unit of the Arkansas Department of Correction (ADC), filed this action pursuant to 42 U.S.C. § 1983 against defendants, alleging deliberate indifference to his serious medical needs. Specifically, plaintiff alleges improper treatment with respect to the following medical conditions: hepatitis C, diabetes, kidney stones and urinary bleeding, foot and ankle, high blood pressure and chest pain. Plaintiff asks for monetary and injunctive relief from the defendants, who are employees of Correctional Medical Services, Inc. (CMS), the health-care provider for the ADC.

### II.  Summary Judgment Motion

A.  Defendants' Motion

Defendants initially state that some of plaintiff's claims against them should be dismissed for his failure to exhaust administrative remedies, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. §1997e.  Defendants state plaintiff did not file and exhaust any grievance relating to his diabetes, high blood pressure, and foot claims.  In addition, defendants state plaintiff did not file any grievances naming defendants Ifediora and Stell.  Defendants further state plaintiff did not exhaust his Hepatitis C and foot claims with respect to defendants Moore and Green, or his foot claim with respect to defendant Suphan.  In support of this exhaustion argument, defendants attach the affidavit of Charlotte Gardner, the Medical Grievance Investigator for the ADC, who reviewed the grievance office records pertaining to the plaintiff.  DE #120, Ex. D.

With respect to plaintiff's remaining medical claims, defendants provide copies of plaintiff's relevant medical records, portions of plaintiff's deposition, and the affidavit of defendant Rectenwald to support their positions that defendants have adequately treated plaintiff for his conditions and have not acted deliberately indifferent to his medical needs, and that plaintiff's allegations against them constitute a disagreement with his medical treatment.  See DE #120, Exs. A, B, E.  In addition, defendants cite Meuir v. Greene County Jail Employees, 487 F.3d 1115, 1119 (8th Cir. 2007), where the Court reaffirmed that plaintiff must present clear evidence to show defendants deliberately disregarded his medical needs, that inmates have no constitutional right to a particular course of treatment, and that a mere difference of opinion over a course of medical treatment fails to rise to the level of a constitutional violation.

B.  Plaintiff's Response

Initially in his response, plaintiff challenges the affidavit presented by defendants in conjunction with the medical records. Plaintiff notes the declaration of Toni Spears, the Medical Records Director, is not signed or dated. See DE #120, Ex. E.[1] In addition, plaintiff challenges defendants' reference to him as a "stone former" (with respect to his kidney stone allegations) and states defendants provide no proof to support their proposition. Further, plaintiff states "I have not been to the Infirmary prior to being in prison almost 18 years for kidney stone, now I'm a stone former." Plaintiff does not address the defendants' exhaustion arguments.

C. Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the

---

[1] Defendants subsequently filed a supplement to their statement of indisputable material facts, including a declaration of defendant Anderson and a signed and dated declaration of Toni Spears, who authenticated the medical records. DE #123.

lawsuit." Id.

In addition, according to the PLRA,

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, 532 U.S. 731, 741 (2001), the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." In addition, in Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000), the Court held that "the statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" In Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003), the Court held that "under the plain language of section 1997e(a), an inmate must exhaust administrative remedies before filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." Finally, in Jones v. Bock, 549 U.S.199, 218 (2007), the Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." The Court in Jones also held that an inmate's exhaustion of some, but not all claims, does not warrant dismissal of the entire action.

D. Analysis

    1) Exhaustion

In this particular case, the Court finds plaintiff is required by the PLRA to file and exhaust a grievance concerning each claim against defendants, and by the ADC grievance procedure to specifically name and/or identify ADC personnel against whom a grievance is made.[2] Plaintiff does not dispute defendants' allegations concerning his failure to file and exhaust grievances with respect to his diabetes, high blood pressure, and foot claims, or with respect to any claims against defendants Ifediora and Stell. Furthermore, plaintiff does not dispute that he did not exhaust his Hepatitis C and foot claims against defendant Moore and Green, or the foot claims against defendant Suphan. Therefore, the Court finds these claims/defendants should be dismissed for failure to exhaust administrative remedies as required by the PLRA.

    2) Hepatitis C, Kidney Stones, Urinary Bleeding, Foot/Ankle, Chest Pain Claims

In order to support a claim for an Eighth Amendment violation, plaintiff must prove that defendants were deliberately indifferent to a serious medical need. Farmer v. Brennan, 511 U.S. 825, 827 (1994). However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 197 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). See also Smith v. Marcantonio, 901 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief

---

[2] ADC Administrative Directive 09-01 states a grievance should include a brief statement of the complaint, including the "date, place, personnel involved ... "

under the Eighth Amendment). Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996 ). In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995). Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." Dulany, supra, 132 F.3d at 1240.

The medical records provided by the defendants, together with the affidavits of defendants Rectenwald and Anderson, show that plaintiff has been consistently examined, monitored, and treated for all of his medical issues. Plaintiff has referred to no evidence to support a finding that any of these defendants have acted in a manner which is deliberately indifferent to his serious medical needs, and it is clear that his complaints center on his disagreement over his treatment. As noted earlier, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." Dulany, supra, 132 F.3d at 1240. Rather, plaintiff must identify or allege the existence of medical evidence which would establish that he suffered detrimentally from a delay in treatment by them, or that their conduct constituted intentional maltreatment or was grossly inappropriate, Beyerbach v. Sears, 49 F.3d 1324 (8th Cir. 1995), and Dulany v. Carnahan, supra, 132 F.3d at 1241.

Therefore, in light of the defendants' evidence and affidavits, and plaintiff's failure to provide any support for his allegations of deliberate indifference, the Court finds defendants' motion should be granted and plaintiff's complaint against them should be dismissed. Accordingly,

IT IS, THEREFORE, ORDERED that defendants' motion for summary judgment (DE #118) is hereby GRANTED, and plaintiff's complaint against defendants is DISMISSED with prejudice.

IT IS SO ORDERED this 31st day of March, 2010.

_____
United States Magistrate Judge